UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10063 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00119-PJH-1 Northern District of California, Oakland |
| v. | |
| LESHAWN LAWSON, | ORDER |
| Defendant-Appellant. | |

Before:  WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[*] Judge.

The memorandum disposition filed on May 2, 2018, is hereby amended by inserting the following text at the end of footnote 1:  <We also note that the panel considered the applicability of United States v. Gorman, 859 F.3d 706 (9th Cir. 2017).  Gorman is inapposite.  In this case, Lawson consented to the police search of his vehicle that yielded cocaine.>.

With the foregoing amendment, Judge Wardlaw votes to deny the petition for rehearing en banc, and Judge Clifton and Judge Katzmann so recommend.  The full court has been advised of the suggestion for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for rehearing en banc is therefore **DENIED.**  No further

_____

[*]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

petitions for rehearing or rehearing en banc will be entertained.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>LESHAWN LAWSON,<br><br>    Defendant-Appellant. | No.    17-10063<br><br>D.C. No. 4:15-cr-00119-PJH-1<br><br><br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before:  WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

LeShawn Lawson was indicted for one count of possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The district court denied Lawson's motions to suppress evidence collected pursuant to three GPS tracking warrants and a UPS package search

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

warrant, the traffic stop of his Bentley, and the subsequent consensual vehicle search. After a bench trial, Lawson was found guilty and sentenced to 214 months' imprisonment, to be followed by five years' supervised release. Lawson now appeals, challenging the district court's denial of his motions to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

This Court reviews the district court's denial of a motion to suppress de novo, and its factual determinations for clear error. United States v. Fowlkes, 804 F.3d 954, 960 (9th Cir. 2015).

1. Lawson argues that the traffic stop of his Bentley and the subsequent search were the fruits of four prior surveillance warrants. Lawson is incorrect. Based upon his observations of Lawson's speeding and missing license plates, the arresting officer, Matthew Williams, had valid grounds to perform the traffic stop. The district court did not clearly err in finding that Williams reasonably perceived Lawson's traffic infractions, and Lawson does not challenge the district court's finding that he voluntarily consented to the search which yielded the cocaine. See United States v. Arreguin, 735 F.3d 1168, 1174 (9th Cir. 2013) (stating that trial court's credibility determinations are due special deference). Reasonable suspicion that a traffic violation occurred is sufficient to justify an investigatory stop, "even if the stop serves some other purpose" and "the ultimate charge was not related to the traffic

stop." United States v. Willis, 431 F.3d 709, 715 (9th Cir. 2005) (citing Whren v. United States, 517 U.S. 806, 808–10, 813 (1996)).

2. Lawson also argues that even if the traffic stop and consensual search were not the fruit of invalid warrants, they nevertheless violated the Fourth Amendment because they were unreasonably prolonged. This argument fails. Rodriguez v. United States provides that a traffic stop "seizure remains lawful only 'so long as [unrelated] inquiries do not measurably extend the duration of the stop.'" 135 S. Ct. 1609, 1615 (2015) (alteration in Rodriguez) (quoting Arizona v. Johnson, 555 U.S. 323, 333 (2009)). "An officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop. But . . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." Id.

Here, Williams' traffic stop of Lawson's Bentley was not unreasonably prolonged. The district court found that Lawson consented to a search of the vehicle within five minutes into the stop, and that the subsequent background check on Lawson "came back clean" approximately seven minutes into the stop. The remainder of the stop consisted of Williams awaiting cover and conducting the consensual search. Altogether the stop lasted about twenty minutes. This timeframe is undisputed.

Beyond Lawson's explicit consent, Williams' grounds for the search were buttressed by facts providing independent reasonable suspicion that Lawson was involved in criminal activity. See United States v. Turvin, 517 F.3d 1097, 1099–1100 (9th Cir. 2008); United States v. Mendez, 476 F.3d 1077, 1081 (9th Cir. 2007). As the district court found, Williams detailed three factors supporting reasonable suspicion of criminal activity to investigate further: (1) the absence of luggage despite Lawson's statement that he had spent three weeks in Los Angeles; (2) Lawson's stated employment as an entertainer and iron worker, which would not pay enough for Lawson to afford the Bentley he was driving; and (3) Williams' knowledge that Interstate 580 was a well-known drug trafficking route from Los Angeles to San Francisco. Further, Rodriguez does not foreclose any and all questions not wholly related to perceived traffic infractions. See 135 S. Ct. at 1611. Williams' questioning of Lawson and observations regarding the inconsistency in his answers were reasonable. See United States v. Rojas-Millan, 234 F.3d 464, 469–70 (9th Cir. 2000).

For the foregoing reasons, we affirm the district court's ruling.[1]

**AFFIRMED.**

---

[1] In light of our analysis, we need not review the constitutionality of the prior four warrants. We also note that the panel considered the applicability of United States v. Gorman, 859 F.3d 706 (9th Cir. 2017). Gorman is inapposite. In this case, Lawson consented to the police search of his vehicle that yielded cocaine.